Totten J.,
delivered the opinion of the court.
The plaintiff brought this bill to enjoin the sale, of.' a negro slave, to which he claims to have title. The ■ injunction granted at the filing of the bill was made ■ perpetual at the final hearing, and defendants appealed to this court.
The material facts are these: John S. For meat ex- ■ ecuted to J. 0. Parmer, a written instrument as follows:
“Know all men by these presents: That I. John S. Norment, have this day bargained and sold to- J. Q.. Parmer, for the sum of seven hundred dollars* in the following payments, to wit: $200 to be paid.in hand, and $500 to be paid 25th Dec., 1853, for a negro, ■ wo- • ■man named Mary: Now, the condition of the above obligation is such, that on the payment of the above sum of $500, I am to make him a good and sufficient, deed to said negro. Then this obligation to be void, otherwise to remain in full force and effect. Septem- - ber 18, 1852.”
The $200 were paid down, and the slave delivered to • said Parmer. On the 2d May, 1853, said Parmer conveyed the slave Mary, to the plaintiff, by deed in trust to secure the payment of said $500, and other debts.
Apperson & Oo. were judgment creditors of Parmer, . in the sum of $200, and on the 29th of April, 1853, caused their execution to be levied on said slave, as. the property of Parmer. The levy was before the ex- • ecution of the deed to the plaintiff, and has priority, if Parmer’s' interest in the slave was subject to execution.
*564 The case turns upon the construction of the contract between Norment and Parmer before recited.
And the question is, was it a conveyance of the slave to Parmer, which invested him with an interest in 'presentí, or merely an agreement to convey on payment of the balance of the purchase money? ¥e may observe, that every species of contract may be subject to conditions, by which an estate or interest may commence -or be enlarged or be defeated. No technical words are ■necessary to create the condition, or declare its nature. Whether the contract be upon condition precedent or •subsequent, are questions to be resolved by the intention and understanding of the parties, to be collected by carefully considering the entire instrument. The distinctions on this subject, says Mr. Kent, are extremely subtle and artificial, and the construction of a deed as to its operation and effect, will, after all, depend less upon artificial rules, than upon the application of good .sense and sound equity to the object and spirit of the contract in the given case. 4 Kent Com. Lee., 56. 6 Petersd. Ab. Title Condition, 40, 48. So,, in Porter vs. Shepard, 6 Term R., 665; Kenyon, C. J., •observed, that conditions were to be either precedent or subsequent, according to the fair intention of the parties to be collected from the instrument; and that technical words, if there were any, to encounter such intention, should give way to that intention.
In the present case, it is argued that the words “have bargained and sold” used in the instrument, ■.give character to the contract.; and evidently show that ..a title in presentí was intended to pass. Certainly the *565 words are technical and appropriate to the idea of an executed contract.
But when we consider the entire instrument it is perfectly clear, that such was not the intention of the parties. It stipulates that $200 are to be paid down, and $500 are to be paid at a future period, and when paid, “a good and sufficient deed” is to be made for the slave. The stipulation for a future deed is a material circumstance to show that a present title was not intended to pass, but that it was an agreement resting merely in contract. Hallet vs. Wylie, 3 Johns. R., 45. Doe vs. Ashburnes, 5 T. R., 163. 12 Petersd. Ab., 105.
We are of the opinion, that the instrument did not pass a present legal title, but that it is an agreement to convey on payment of the $500. The payment is a condition precedent to be performed by the purchaser before he can demand a conveyance of the legal title.
The result is, that the interest of Parmer in the slave, vested merely in contract, was equitable in its nature, and depended on his performance of a condition precedent. And an interest of this kind was not subr ject to execution at law.
Affirm the decree.